# EXHIBIT F

Case 1:10-cv-01732-GBL -DEM Document 20-6 Filed 12/09/11 Page 2 of 16 PageID# 196
Case 8-10-74732-reg Doc 1 Filed 09/02/10 Entered 09/02/10 22:04:45 Page 6 of 48
Document    Page 6 of 48
B6A (Official Form 6A) (12/07)

In re **Hyun S. Song**                                    Case No. _____
                                                                    (if known)

## SCHEDULE A - REAL PROPERTY

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting Any Secured Claim or Exemption | Amount Of Secured Claim |
|---|---|---|---|---|
| 3311 Buckeye Lane, Fairfax VA 220033<br>3311 Buckeye Lane, Fairfax VA 220033 - zillow.com | T/E | J | $290,000.00 | $323,814.00 |
| | | **Total:** | **$290,000.00** | |

(Report also on Summary of Schedules)

Case 1:10-cv-70732-RBS-DEM Document 9-2 Filed 09/02/10 Entered 09/02/10 22:04:45 Page 17 of 197
Case 8:10-bk-70432-RBS Doc 1 Document Filed 09/02/10 Page 7 of 48

B6B (Official Form 6B) (12/07)

In re **Hyun S. Song**          Case No. _____
                                                                                                                                         (if known)

## SCHEDULE B - PERSONAL PROPERTY

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | | Cash | J | $1.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Chevy Chase Bank Checking Account | J | $5.00 |
| | | Bank of America Checking Account | J | $1.00 |
| | | Wachovia Checking Account | J | $1.00 |
| | | Woori America Checking Account (contains money for daughter from an auto accident but she is not on the account) | H | $700.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video and computer equipment. | | Kitchen Items | J | $295.00 |
| | | Livingroom Furniture | J | $160.00 |
| | | Bedroom Furniture | J | $200.00 |
| | | Entertainment & Electronics | J | $70.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | Wedding & Engagement Rings | J | $100.00 |
| | | Clothing | J | $30.00 |
| 7. Furs and jewelry. | X | | | |

In re **Hyun S. Song**          Case No. _____
                                                                               (if known)

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 1*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 8. Firearms and sports, photo-graphic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | Term MetLife Insurance Company | H | $1.00 |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | Midas Upholstery, Inc. Closed May 2010 Has some small upholstery tools remaining which debtor has tried to sell without success. | J | $1.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |

In re **Hyun S. Song**          Case No. _____
                                                                                                     (if known)

# SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 2*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | 2010 Projected Tax Refund | J | $1.00 |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | | Inchoate Inheritance | J | $1.00 |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |

In re **Hyun S. Song**  Case No. _____
(if known)

# SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 3*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2002 Toyota Camry - edmunds.com | J | $3,000.00 |
| | | 2009 Scion TC - edmunds.com | H | $12,436.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | | Dogs | J | $1.00 |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |

B6B (Official Form 6B) (12/07) -- Cont.

In re **Hyun S. Song**          Case No. _____
                                                                                     (if known)

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 4*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

_____4_____ continuation sheets attached     **Total >**     **$17,004.00**
(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

Case 1:10-cv-01732-GBL -TCB Document 9-10 Filed 09/02/10 Page 8 of 16 PageID# 202
Case 1:10-cv-01732-RBS -DEM Document 1 Filed 09/02/10 Page 54 of 516 PageID# 202
Document   Page 14 of 48

B6D (Official Form 6D) (12/07)

In re **Hyun S. Song**                                                                 Case No. _____
                                                                                                      (if known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCT #: ▓▓▓▓<br>**Armstrong Management**<br>**3949 Pender Dr, ste 205**<br>**Fairfax, VA 22030** | | J | DATE INCURRED:<br>NATURE OF LIEN:<br>**HOA**<br>COLLATERAL:<br>**3311 Buckeye Lane, Fairfax VA 220033**<br>REMARKS:<br><br>VALUE: $290,000.00 | | | | $0.00 | |
| ACCT #: ▓▓▓▓<br>**TOYOTA MOTOR CREDIT**<br>**3975 FAIR RIDGE DR STE 3**<br>**FAIRFAX, VA 22033** | | H | DATE INCURRED: **8/2008**<br>NATURE OF LIEN:<br>**Auto Loan**<br>COLLATERAL:<br>**2009 Scion TC**<br>REMARKS:<br><br>VALUE: $12,436.00 | | | | $14,713.00 | $2,277.00 |
| ACCT #: ▓▓▓▓<br>**Up/Regionsm**<br>**PO Box 11007**<br>**Birmingham, AL 35288** | | J | DATE INCURRED: **5/2003**<br>NATURE OF LIEN:<br>**Mortgage**<br>COLLATERAL:<br>**3311 Buckeye Lane, Fairfax VA 220033**<br>REMARKS:<br><br>VALUE: $290,000.00 | | | | $110,202.00 | |
| ACCT #: ▓▓▓▓<br>**Wachovia Bank NA/FTU**<br>**PO Box 3117**<br>**Winton Salem, NC 27102** | | J | DATE INCURRED: **5/2007**<br>NATURE OF LIEN:<br>**2nd Mortgage**<br>COLLATERAL:<br>**3311 Buckeye Lane, Fairfax VA 220033**<br>REMARKS:<br><br>VALUE: $290,000.00 | | | | $213,612.00 | $33,814.00 |
| | | | **Subtotal (Total of this Page) >** | | | | **$338,527.00** | **$36,091.00** |
| | | | **Total (Use only on last page) >** | | | | **$338,527.00** | **$36,091.00** |
| | | | | | | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

_____**No**_____ continuation sheets attached

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re **Hyun S. Song**  Case No. _____
(if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES
## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ____**19**____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date **09/02/2010**        Signature **/s/ Hyun S. Song**
                                     *Hyun S. Song*

Date _____        Signature _____

[If joint case, both spouses must sign.]

Case 2:10-cv-04052-RBS -DCM Document 9/02/10 Entered 09/02/10 09:41:5 Desc Main Document Page 25 of 48

_____
*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VA
ALEXANDRIA DIVISION

IN RE:     BCN#: 10-17474\RGM
HYUN S. SONG AKA SONG HYUN     Chapter: 7
SEOK AKA HYNU S. SONG
     Debtor(s)

REGIONS BANK DBA REGIONS
MORTGAGE
or present noteholder,
     Movant/Secured Creditor,     MOTION FOR ORDER GRANTING
v.     RELIEF FROM AUTOMATIC STAY AND
HYUN S. SONG AKA SONG HYUN SEOK     NOTICE OF MOTION AND HEARING
AKA HYNU S. SONG
     Debtor(s)
and
DONALD F. KING
     Trustee
     Respondents

COMES NOW REGIONS BANK DBA REGIONS MORTGAGE its assignees and/or successors in interest, (Movant herein), by Counsel, and moves this Court for an Order Granting it Relief from the Automatic Stay of 11 U.S.C. Section 362 (a), and in support thereof states as follows:

1. That this Court has Jurisdiction over this contested matter pursuant to 28 U.S.C. Sections 157 and 1334, 11 U.S.C. 362(a), and Federal Rule of Bankruptcy Procedure 9014, and Local Bankruptcy Rule 9014-1, that this matter is a core proceeding.

2. That the above named Debtor(s) filed a Chapter 7 Petition in Bankruptcy with this Court on September 2, 2010.

3. That DONALD F. KING, has been appointed by this Court as the Chapter 7 Trustee in this instant Bankruptcy proceeding and is hereby made a party to this proceeding.

4. That Movant is the current payee of a promissory note secured by a deed of trust upon a parcel of real property with the address of 3311 BUCKEYE LANE, Fairfax, VA 22033

and more particularly described in the Deed of Trust dated May 23, 2003 and recorded among the land records of the said city/county, as:

> LOT NUMBERED 346, SECTION EIGHT (8), IN THE SUBDIVISION KNOWN AS FRANKLIN GLEN, AS PER PLAT RECORDED IN DEED BOOK 6011 AT PAGE 1761, AMONG THE LAND RECORDS OF FAIRFAX COUNTY, VIRGINIA.

5. That Movant is informed and believes, and based upon such information and belief, alleges, that title to the subject Property is currently vested in the name of the Debtor(s).

6. The Debtor(s) is/are in default with regard to payments which have become due under the terms of the aforementioned note and deed of trust. The Debtor is due for:

- o    10 monthly payments of $1,762.88 each which were to be paid directly to Movant;
- o    Accrued Late Charges of                                   $622.17

7. That as of October 3, 2010, the total amount of the indebtedness owed by the Debtor(s) to the Secured Creditor/Movant is approximately $116,374.93, based on the Secured Creditor's Proof of Claim filed contemporaneously herewith.

8. That the value of the subject property is approximately $297,180.00, based on the county's tax assessed value of the subject property; (A copy of the Real Estate Assessment-2010, is attached hereto, marked as an Exhibit)

9. That Movant has elected to initiate foreclosure proceedings on the subject Property with respect to the subject Deed of Trust, but is prevented by the Automatic Stay from going forward with these proceedings.

10. That Movant is not adequately protected, and absent this Court's Order allowing Movant to proceed with the foreclosure, Movant's security will be significantly jeopardized and/or destroyed.

11. That the subject property is not necessary to an effective reorganization of the Debtor(s) estate.

12. That for the reasons stated above, cause exists to terminate the Automatic Stay of 11 U.S.C. § 362(a), pursuant to the provisions of Section 362(d)(1) thereof.

WHEREFORE, your Movant prays that this Court give judgment and enter an Order modifying the Automatic Stay of 11 U.S.C. Section 362 (a) so as to permit Movant and the Trustees under the Deed of Trust to conduct a foreclosure sale of the subject property, to otherwise enforce the lien of its Deed of Trust, to record a Trustee's Deed in execution thereof, and to thereafter take such action as is appropriate to obtain possession of the subject property; and for such further relief as the Court deem just.

Dated: 10-5-10

SHAPIRO & BURSON, LLP
Attorneys for Movant

By: _____
Trenita Jackson-Stewart, VSB# 48412
SHAPIRO & BURSON, LLP
236 CLEARFIELD AVENUE, SUITE 215
VIRGINIA BEACH, VA 23462
(757) 687-8777
10-197880D

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

In re:                                                                                           Chapter 7
Hyun S. Song,
       Debtor                                                                 Case No. 10-17474-RGM

Trenita Jackson Stewart,
       Movant
v.

Hyun S. Song,
       Debtor
and

Donald F. King,
       Trustee

**RESPONSE TO MOTION FOR RELIEF FROM STAY**

     COMES NOW Debtor, Hyun S. Song, by counsel, and says Debtor does not oppose Movant's request for relief.

October 8, 2010                        by  /s/ Klinette H. Kindred
                                                     Klinette H. Kindred, VSB #18000
                                                     Law Offices of Robert R. Weed
                                                     311 N. Washington Street, 3rd Fl
                                                     Alexandria, VA  22314
                                                     (703) 962-1044; (703) 656-4976 Fax
                                                     Counsel for Hyun S. Song

**CERTIFICATE OF SERVICE**

     I, Klinette H. Kindred, hereby certify that on October 8, 2010, a copy of the foregoing response was sent by electronic means or U.S. Mail, to:

Donald F. King
Trenita Jackson Stewart

                                                       /s/ Klinette H. Kindred
                                                       Klinette H. Kindred

UNITED STATES BANKRUPTCY COURT
Eastern DISTRICT OF VIRGINIA
Alexandria DIVISION

| | |
|---|---|
| IN RE: HYUN S. SONG AKA SONG HYUN SEOK AKA HYNU S. SONG<br>Debtor<br>    Debtor(s) | BCN#: 10-17474\RGM<br>Chapter: 7 |

REGIONS BANK DBA REGIONS
MORTGAGE
or present noteholder,
    Movant/Secured Creditor,
v.
HYUN S. SONG

    Debtor(s)
and
DONALD F. KING

    Trustee
    Respondents

### ORDER GRANTING RELIEF FROM STAY

Upon consideration of the motion of REGIONS BANK DBA REGIONS MORTGAGE to modify the automatic stay; it is

**ORDERED** that the automatic stay imposed by 11 U.S.C. §362 is modified to permit the movant and its successors and assigns to enforce the lien of its deed of trust as it pertains to the real property located at 3311 BUCKEYE LANE, Fairfax, VA 22033, and is more particularly described as follows:

> LOT NUMBERED 346, SECTION EIGHT (8), IN THE SUBDIVISION KNOWN AS FRANKLIN GLEN, AS PER PLAT RECORDED IN DEED BOOK 6011 AT PAGE 1761, AMONG THE LAND RECORDS OF FAIRFAX COUNTY, VIRGINIA.

which relief shall extend to the purchaser at the foreclosure sale to allow the purchaser to take

Trenita Jackson-Stewart, VSB# 48412
Shapiro & Burson, LLP
236 Clearfield Avenue, Suite 215
Virginia Beach, VA 23462
757-687-8777
10-197880D

such action under state law, as may be necessary, to obtain possession of the property.

Executed at_____, Virginia, this_____day of_____, 20

_____
United States Bankruptcy Judge

I ask for this:

/S/ TRENITA JACKSON STEWART
_____
TRENITA JACKSON STEWART, Esquire, Counsel for Movant

I certify that I have served the proposed Order upon all necessary parties to the action by first class mail, postage prepaid, on the _18TH __ day of __October_____, 2010.

/S/ TRENITA JACKSON STEWART
_____
TRENITA JACKSON STEWART, Esquire, Counsel for Movant

Copies are to be sent to:

SHAPIRO & BURSON, LLP
236 CLEARFIELD AVENUE, SUITE 215
VIRGINIA BEACH, VA 23462

HYUN S. SONG
3311 BUCKEYE LN
Fairfax, VA 22033

DONALD F. KING
9302 LEE HWY., STE. 1100
FAIRFAX, VA 22030

Trenita Jackson-Stewart, VSB# 48412
Shapiro & Burson, LLP
236 Clearfield Avenue, Suite 215
Virginia Beach, VA 23462
757-687-8777
10-197880D

ROBERT R. WEED
7900 SUDLEY RD., STE. 409
MANASSAS, VA 20109

# CERTIFICATION

    The undersigned certifies that the foregoing Order Granting Relief from Stay is identical to the form order required by Administrative Order 10-2 and that no modifications, additions, or deletions have been made.

                                                      /S/ TRENITA JACKSON STEWART

                                                      Attorney for Movant

Trenita Jackson-Stewart, VSB# 48412
Shapiro & Burson, LLP
236 Clearfield Avenue, Suite 215
Virginia Beach, VA 23462
757-687-8777
10-197880D